|2SCHOTT, Chief Judge.
In Alvarado v. Doe, 613 So.2d 166 (La. App. 4 Cir.1992), writs denied 614 So.2d 64 (La.1993), this court held that the Western Woz’ld Insurance policy did not cover the incident sued on because of an exclusion in the policy with respect to damages arising out of assault and battery or the prevention or suppression thereof.
After our opinion, plaintiff returned to the trial court and filed a third supplemental petition in which he alleged that his damages were caused either by the negligent acts of Teany while in the course and scope of his employment (Western World’s insured) or by a premises defect. However, the facts are the same now as they were when the case was here before. Plaintiffs injuries arose out of the assault and battery or suppression *761 thereof. Regardless of whether some negligence was involved on Teany’s part or whether the premises were defective there would have been no damage at all had an assault and battery or suppression thereof not taken place.
The trial court treated the matter as another summary judgment as to which there was no genuine issue of material fact and that Western World was entitled to judgment as a matter of law.
|3We would sustain Western World’s exception of res judicata. Based upon the facts as established by all of the parties hereto in numerous affidavits and depositions, the claim against Western World was dismissed and that dismissal became final on February 19, 1993. The facts as well as the policy provisions are still the same.
The judgment of the trial court dismissing Alvarado’s suit against Western World is affirmed.

AFFIRMED.