503 So.2d 602 (1987)
GENERAL ELECTRIC CREDIT CORPORATION
v.
WORLD CAR CENTER, INC., Roy A. Tannahill, Frank H. Renaudin and Walter Howard Wainright.
No. CA-5924.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1987.
*603 Clarence F. Favret, Jr., Clarence F. Favret, III, Favret, Favret, Demarest, Russo, New Orleans, for plaintiff-appellant.
Reed & Reed, Bruce G. Reed, J.D., New Orleans, for defendants-appellees.
Before SCHOTT, BYRNES and WILLIAMS.
BYRNES, Judge.
This is an appeal from the granting of a motion for summary judgment dismissing General Electric Credit Corporation's (GECC) suit for deficiency judgment against appellees, World Car Center, Inc., Walter H. Wainright and Frank H. Renaudin. We reverse.
Appellees' motion for judgement on the pleadings or summary judgment stated:
That as clearly appears by reference to the allegations of plaintiff's original petition, most particularly Article X thereof, and by application of the deficiency Judgment statutes R.S. 13:4106, et seq. and Code of Civil Procedure Articles 2771 and 2723, plaintiff is not entitled to proceed to a deficiency Judgment against defendants herein.
Article X of the original petition stated that:
The defendant, WORLD CAR CENTER, INC., is entitled to further credits for various items of mortgaged property sold after seizure and prior to sale, with the consent of all parties, totalling the sum of $283,894.38.
GECC later amended article X to read:
After the property which was the subject of a Collateral Chattel Mortgage originally sued upon was seized by the Civil Sheriff for the Parish of Orleans, and during the pendency of the seizure and prior to the judicial sale made by the Sheriff, and at the request of all defendants herein, certain of the property which had been seized was released from the seizure by the plaintiff to permit the defendants to return the property to the original manufacturer for full credit or to otherwise dispose of the property at an advantageous price. The proceeds of the return for credit or the sale of the said property was then and there turned over to the plaintiff by the defendants to be applied to the outstanding amount due under the Writ of Execution. All of this was specifically requested by the defendants and was done with the approval of the plaintiff and the Civil Sheriff for the Parish of Orleans. The total amount paid by the defendant in this manner on account of the outstanding Writ of Execution was the sum of $315,480.08 for which the plaintiff grants a remittitur and gives credit herein.
After this amendment, the appellees filed a supplemental motion for judgment on the pleadings or summary judgment which stated:
That as clearly appears by reference to the allegations of plaintiff's petition, as *604 amended, and by application of the deficiency Judgment statutes and the Louisiana Code of Civil Procedure plaintiff is not entitled to proceed to a deficiency Judgment against defendants herein.
The appellees argued that the allegation of the original and supplemental petitions proved that GECC had failed to follow the Deficiency Judgment Act (R.S. 13:4106 et seq) by permitting the private sale, without appraisal, of part of the mortgaged property.
We do not find it necessary to rule on this issue because, in our opinion, the appellee's answer to the petition, filed after the motions for summary judgment were filed but before a ruling was made, created a genuine issue of material fact which should have precluded summary judgment.
The pertinent parts of the answer provide:
1.
That respondents deny, all and several, the allegations contained in Articles, I, II, III, IV, V, VI, VII, VIII, IX, X, and XI of plaintiff's original petition, and Articles 1 and 2 of plaintiff's supplemental petition for lack of sufficient information contained therein to justify a reasonable belief thereof.
2.
That alternatively, respondents admit the allegations contained in Article X of plaintiff's original petition for deficiency Judgment.
The appellees relied exclusively on the pleadings to establish the facts which they claim entitled them to summary judgment, yet their own equivocal answer clouded these facts by first denying then admitting the very allegations they relied on.
Under C.C.P. Art. 966, a motion for Summary Judgment should be granted if and only if the pleadings, depositions, answers to interrogatories, admissions on file and affidavits if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. The burden of proof is on the mover and in considering a motion for Summary Judgment, the court should resolve every reasonable doubt against the mover and in favor of a trial on the merits. Oller v. Sharp Electric, Inc., 451 So.2d 1235 (La.App. 4th Cir.1984).
Applying these standards to this case it is clear that the trial judge erred by granting summary judgment. The appellees did not show that there was no genuine issue of material fact and the trial court erred by granting the motion. We therefore reverse the ruling of the trial court at appellees' cost.
REVERSED.
SCHOTT, J., concurs with reasons.
SCHOTT, Judge, concurring in result:
Although the trial court provided no reasons for granting the summary judgment he was apparently convinced that the general rule that a deficiency judgment may be obtained only if the mortgaged property is sold at public sale after appraisement admits of no exceptions. I do not subscribe to this view and would allow for the kind of exception recognized by the court in University Properties Corp. v. Fidelity National Bank, 500 So.2d 888 (La.App. 1st Cir.1986). There the court allowed the creditor to prove he acted in good faith, the agreement was consented to by the debtor, and the agreement benefited or was favorable to the debtor. This seems especially appropriate in the case at bar between parties of equal bargaining power engaged in a purely commercial transaction.
I concur in a reversal of the summary judgment in order to afford the parties an opportunity to present evidence on the question of whether this case should be dealt with as in the cited case.