613 So.2d 166 (1992)
Ronald J. ALVARADO
v.
John DOE, et al.
No. 91-CA-1458.
Court of Appeal of Louisiana, Fourth Circuit.
September 4, 1992.
On Rehearing December 15, 1992.
Writ Denied February 19, 1993.
Kenneth R. Evans, Lobman, Carnahan and Batt, Metairie, for plaintiff/appellee.
Lylian M. Cohen, Trent & Cohen, and Raymond A. McGuire, New Orleans, for defendants/appellees, 2 Bills, Inc., Mark Teaney, Bill Colacurcio and Lillian Cohen.
C. Edgar Cloutier, III, John K. Leach, Christovich & Kearney, New Orleans, for defendant/appellant, Western World Ins. Co.
*167 Before SCHOTT, C.J., and BYRNES and LOBRANO, JJ.
BYRNES, Judge.
Defendant, Western World Insurance Company (Western World), appeals a summary judgment finding that Western World's insurance policy provides coverage. We reverse and remand.
On the night of January 24 or the early morning of January 25, 1986 an incident occurred at the Unisex Night Club on Bourbon Street during Super Bowl weekend. On February 21, 1986 Ronald Alvarado filed an action for damages against various defendants, including William Cohen and Bill Colacurcio, III, as the owners of 2 Bills, Inc., d/b/a the Unisex Bar, and an employee, Mark Teaney, as well as the club's insurer, Western World. Plaintiff alleges that he was attacked by the doorman, Mark Teaney, without provocation. Western World filed a motion for summary judgment, claiming that its insurance policy excluded coverage based on an assault and battery exclusion clause. The other defendants filed an opposing motion for summary judgment, arguing that coverage exists because the assault and battery clause is inapplicable under the facts of the case. In January 1991 the trial court denied Western World's motion and granted the other defendants' motion for summary judgment, ruling that Western World's insurance policy provides liability coverage for the claim asserted by plaintiff, Ronald Alvarado. Western World appeals.
Western World contends that the trial court erred in: (1) finding that the exclusionary clause did not apply to the incident in question; and (2) finding a genuine issue of material fact precluding summary judgment pursuant to LSA-C.C.P. art. 966.
Western World argues that the trial court erred in relying on Breland v. Schilling, 550 So.2d 609 (La.1989), by applying the "intentional injury exclusion" analysis to its assault and battery exclusionary clause. At the hearing on the motions for summary judgment the trial court provided its reasons for judgment, stating the following:
Therefore the Court is saying that the Breland case controls herein and extends the Breland wordage to this exclusion with the depositions that are before it. One must look only to the depositions of Teaney, the alleged assault and battery man, or the plaintiff, Ron Alvarado, an alleged assault and battery man. According to the theory of the carrier, the court feels the wordage that talks about assault and battery, suppression and remission are not applicable herein with what it has before it. And what it has before it are the depositions of Teaney and the plaintiff, Alvarado.
In the liability insurance policy between Western World and the Unisex Night Club defendants, the clause excluding damages arising out of assault and battery states:
WW 3 ASSAULT AND BATTERY EXCLUSION:
It is agreed that the insurance does not apply to bodily injury or property damage arising out of assault and battery or out of an act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of the insured, his employees, patrons, or any other person.
Western World argues that Breland, supra, is not applicable because that case dealt with an intentional tort exclusion and not an assault and battery exclusion. Western World asserts that the language of its assault and battery exclusion clause does not require an intent to cause injury or a specific degree of injury. However, an assault and battery requires the element of intent. A battery is a "harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such a contact." Caudle v. Betts, 512 So.2d 389, 391 (La.1987).
In Breland, supra, 550 So.2d at 611, the Louisiana Supreme Court found that an exclusionary clause within a homeowner's insurance policy that withheld liability for "... bodily injury or property damage which is either expected or intended from the standpoint of the Insured" did not apply to injuries caused by the homeowner which were not reasonably intended. In *168 that case the homeowner, during an altercation at a softball game, struck the plaintiff in the face, breaking his jaw. The jury found that the defendant did not intend the serious bodily injury which occurred as a result of the defendant's act. The defendant had testified that he did not intend to break the plaintiff's jaw but that, "... he thought the plaintiff might be ready to swing first and he just tried to protect himself the best he could." Id. at 614. The injury was considered an accident because the defendant by coincidence had his mouth opened at the moment he was struck. The Supreme Court stated:
We hold, therefore, that when minor bodily injury is intended, and such results, the injury is barred from coverage. When serious bodily injury is intended, and such results, the injury is also barred from coverage. When a given injury of a severe sort is intended, and a severe sort of injury of any sorts occurs, then coverage is also barred. But when minor injury is intended, and a substantially greater or more severe injury results, whether by chance, coincidence, or by accident, or whatever, coverage for the more severe injury is not barred. Whether a given resulting bodily injury was intended "from the standpoint of the insured" within these parameters is a question of fact. Such factual determinations are the particular province of the trier of fact, in this instance the trial jury. Id.

In Ledbetter v. Concord General Corporation, 564 So.2d 732 (La.App. 2nd Cir. 1990), the court considered the applicability of an assault and battery exclusionary clause in a motel's liability insurance policy to an action for damages resulting when one guest raped and kidnapped another guest. Because rape is a battery, damages caused by a rape would be excluded by the clause; however, the court found that not all of the damages resulted from the rape. Id. at 736-737. The court recognized that a motel, as an innkeeper, has a duty to provide its guest with a reasonably secure premises. If the motel failed to meet its standard of care, evidenced by the unlawful entry, the plaintiff had another cause of action for damages separate from the rape. Those damages which the trier of fact concluded were caused by the rape would be excluded from policy coverage, while those damages which resulted from the unlawful entry which were separate and apart from the rape would be covered by the policy. On appeal after remand, the Second Circuit Court of Appeal granted summary judgment to the insurer and ruled that on the basis of the evidence submitted, plaintiffs suffered no damages from wrongful entry other than the assault, battery, rape and kidnapping charges which were excluded from insurance coverage. Ledbetter v. Concord General Corp., 588 So.2d 115 (La. App. 2d Cir.1991). However, the Louisiana Supreme Court found genuine issues of material fact precluding summary judgment and reversed the appellate decision. Ledbetter v. Concord General Corp., 591 So.2d 704 (La.1992).
In West v. City of Ville Platte, 237 So.2d 730 (La.App. 3rd Cir.1970), the court considered the effect an assault exclusionary clause in the City's general liability insurance policy had upon coverage for the plaintiff's action for damages resulting from assault and battery, wrongful arrest, and failure to render medical assistance. The court held that damages which resulted from the beating were excluded by the assault provision. However, the court found that the damages which resulted from wrongful arrest and detention did not arise from the assault action. Id. at 733. The court also recognized that the damages for failure to provide medical care arose from the City's breach of its duty to properly care for its prisoners. In denying summary judgment, the court held that if the plaintiff prevailed on the merits, the damages would be segregated as to their cause for the determination of their coverage by the general liability insurance.
In this case the trier of fact has two factual conclusions concerning the issue of coverage. The trier of fact must determine whether the damages sought by Mr. Alvarado arise only from the alleged assault and battery, or whether some part of the damages arise from another cause, or *169 causes, of action separate and apart from the assault and battery. The trier of fact must also determine what category of damage Mr. Teaney intended or reasonably expected from his act of assault and battery. If the trier determines that Mr. Teaney intended, and could have only reasonably expected, minor injury to Mr. Alvarado by his act, and yet a substantially greater injury occurred as a result of chance, coincidence, accident, or whatever, coverage for the more severe injury is not barred. Breland, supra at 614. However, if Mr. Teaney intended, or should have expected, severe or substantial damages to occur to Mr. Alvarado from the assault or battery, then the policy excludes coverage for those damages.
The depositions of Ronald Alvarado and Mark Teaney, provide conflicting testimony. Mark Teaney, the employee of the Unisex Night Club, stated that he was acting as a waiter at the time of the incident. He related that he was leading a couple to a table when he found Mr. Alvarado blocking his path due to the limited space between the stage area and the table area. He testified that he asked Mr. Alvarado to move several times and that Mr. Alvarado responded with strong vulgarities. He then alleged that Mr. Alvarado grabbed his crotch (Mr. Teaney was wearing a G-string bottom) and started to swing at him. Mr. Teaney stated that as a reaction he threw his arms up to break his hand away from his crotch and to keep Mr. Alvarado from punching him. As a result of this action, his hand probably hit Mr. Alvarado's chin which caused Mr. Alvarado to fall and hit his head against the stage from which the injuries resulted. Mr. Teaney testified that he did not intend his upward motion with his hand to cause Mr. Alvarado the serious injuries which included a broken nose and a fractured eye socket.
Mr. Alvarado testified that the incident occurred within a minute of his entering the nightclub. He related that he was following his brother-in-law through the bar and denied having a conversation with Mr. Teaney. He stated that he was apparently struck in the face but that he did not see the attacker or the attack. Instead he said that he felt an explosion, a bright light and a flash to his head. He could only vaguely recall a blur kind of motion coming from his left side before the explosion. Under this version of the incident, Mr. Teaney's strike was totally unprovoked.
When the language of the insurance policy and its endorsements are clear and unambiguous, a reasonable interpretation consistent with the obvious meaning and intent of the policy must be given; the provisions to limit liability must be given their intended effect. Gonsalves v. Dixon, 487 So.2d 644 (La.App. 4th Cir.1986). The burden of proof is on the party moving for summary judgment. General Elec. Credit Corp. v. World Car Center, Inc., 503 So.2d 602 (La.App. 4th Cir.1987). Summary judgment is rarely appropriate for determination based on subjective facts such as intent or motive. Penalber v. Blount, 550 So.2d 577 (La.1989); Liem v. Austin Power, Inc., 569 So.2d 601 (La.App. 2d Cir. 1990).
In the present case a genuine issue of material fact exists as to whether or to what degree the damages incurred were intended by Mark Teaney. Any damages for which Mr. Alvarado complains which are found to reasonably foreseeable arise from the cause of action resulting from the alleged assault and battery, that is, a harmful contact which was intended or should have been reasonably expected from Mr. Teaney's act, are not covered by the general liability policy. Damages other than those intended or reasonably expected from the battery or suppression thereof are covered by the policy. The trier of fact must consider the intent of Mr. Teaney to conclude what percentage of damages are covered or excluded by Western World's insurance policy.
Accordingly, the decision of the trial court is reversed and the action is remanded for further proceedings consistent with this opinion.
REVERSED & REMANDED.
LOBRANO, J., concurs.
SCHOTT, C.J., dissents in part.
*170 LOBRANO, Judge, concurs.
I agree that the trial judge must determine which damages arise only from the assault and battery and which are from other causes. For that reason the case should be reversed and remanded.
However, I do not agree with the conclusion that the rationale of Breland v. Schilling, 550 So.2d 609 (La.1989) is applicable. That case involved the "intentional act" exclusion which is different from the "assault and battery" exclusion. In my opinion Western World's exclusion could not be clearer. It excludes bodily injury or property damage arising out of assault and battery. It does not say damages or bodily injury which is expected or intended as provided in the Breland type of exclusion. Therefore all damages resulting from assault and battery should be excluded from Western World's policy.
SCHOTT, Chief Judge, dissenting in part:
I would reverse and find no coverage. No matter which party you believe the injury arose out of an assault and battery or an act or omission in connection with the prevention or suppression of such acts. The exclusion in Western World's policy is not for intentional acts as in the Breland case. The language in this policy is clear and unambiguous. The intent was to exclude coverage for injuries which ultimately grew out of an assault and battery whether committed by the employee, Teaney, or the patron, Alvarado. We should apply the clear language of the policy and not strain the language to find coverage where there is none.
Before SCHOTT, C.J., and BYRNES, LOBRANO, JONES and LANDRIEU, JJ.

ON REHEARING GRANTED
SCHOTT, Chief Judge.
The issue in this case is whether liability insurance coverage on a night club is excluded under an assault and battery exclusion of the insurance policy. The trial court, responding to cross motions for summary judgment filed by plaintiff, the night club owners and the insurance company held that there was insurance coverage, and the insurance company has appealed. We reverse.
This case arose out of an incident which occurred in the Unisex Club owned and operated by William Colacurico, III and others. Western World Insurance Company, Inc. issued to them a general liability insurance policy insuring them against liability for bodily injury and property damage at the Unisex Club and other night clubs or taverns owned by them in New Orleans. On the night of January 24 or the early morning of January 25, 1986, while plaintiff was a patron in the Unisex Club, an altercation took place between him and Mark Teaney, a waiter and dancer at the club. Plaintiff was injured and he filed suit against Teaney, the owners of the club, and Western World. The latter contested coverage on the basis of an assault and battery exclusion. Teaney and the owners filed a motion for summary judgment to establish coverage, and Western World filed a cross motion for summary judgment to preclude coverage. The trial court granted the motion of Teaney and the owners and denied Western World's motion. Western World appealed from the summary judgment establishing coverage and applied for discretionary review of the denial of its motion. The court consolidated Western World's application with the appeal and has granted certiorari with respect to the denial of Western World's motion for summary judgment.
The motions for summary judgment were presented on the basis of affidavits and depositions of plaintiff and Teaney. Under plaintiff's version, Teaney hit him in the face for no reason and knocked him to the floor. According to Teaney, he was showing a customer to a seat in the club when he encountered plaintiff blocking their path. Teaney was wearing a costume which he described as "a G-string, some chains, leather and a bull whip." Teaney asked plaintiff who appeared to be intoxicated to move and plaintiff responded with obscenities. Teaney testified that he again *171 asked plaintiff to move and the following took place:
A. At that time, he reached for me, grabbed me in the crotch area and started to swing on me.
Q. What happened next?
A. I reacted. I threw my arms up and tried to get himbreak his hand away from my crotch and threw my other arm to keep him from punching me, and he fell backwards, across a chair that was located at the corner of the stage. There was a couple sitting there.
At that time, he was spinning sideways. He landed, his face hit the stage, and that's when he was injured.
Q. Did you make contact with him when you raised your hands up?
A. Yes, of course I made contact with him. Basically, why he staggered back, I think, was because he was drunk, but that's what started the momentum.
Q. You think you might have hit him in the face?
A. It's possible, but not in his nose or his lip. It would have been more up underneath his chin or something.
Q. Did you hit him with the chain?
A. No.
Q. What happened next?
A. He had fell, hit the stage....
Western World's policy contains the following:
WW 3 ASSAULT AND BATTERY EXCLUSION:
It is agreed that the insurance does not apply to bodily injury or property damage arising out of assault and battery or out of an act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of the insured, his employees, patrons, or any other person.
A summary judgment shall be granted if the pleadings, depositions, affidavits and other documents show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. An insurance policy is a contract between the insured and the insurer and is the law between the parties. C.C. art. 1983. When the provisions of an insurance policy are clear and unambiguous, they are to be interpreted to mean what the words say. C.C. art. 2046 et seq.
The exclusion in this policy is clear. The insurance does not apply to bodily injury arising out of 1) assault and battery or 2) out of any act or omission in connection with the prevention or suppression of an assault and battery. This is so regardless of who precipitated the incident, whether an employee or a customer or anyone else. There is a difference between the versions of plaintiff and Teaney, but there is no issue of material fact. If plaintiff's version is believed, his injuries arose out of an assault and battery perpetrated by Teaney. If Teaney's version is believed, plaintiff's injuries arose out of Teaney's attempt to prevent or suppress plaintiff's assault and battery on him. In either case there is no insurance coverage.
The argument of Teaney and the owners that Breland v. Schilling, 550 So.2d 609 (La.1989) dictates the result reached by the trial court is without merit. The Breland case involved an "intentional act" exclusion which was totally different from the one in the present case. There the court, in applying the language of that policy, found that the injuries sustained by the plaintiff were not expected or intended by the insured so that coverage was not excluded. The exclusionary clause in the present case has no language which even remotely suggests the application of the Breland case.
Teaney and the owners also rely on Ledbetter v. Concord General Corporation, 564 So.2d 732 (La.App. 2d Cir.1990); after remand 588 So.2d 115 (La.App. 2d Cir. 1991); writ granted, reversed 591 So.2d 704 (La.1992). In this case the plaintiff, a guest in defendant's hotel, was raped and kidnapped by another guest who broke in her room. The hotel's insurer contested coverage based upon the following exclusion clause in the policy:
Notwithstanding anything contained herein to the contrary, it is understood and agreed that this policy excludes *172 claims arising out of Assault & Battery, whether caused by or at the instigation of, or at the direction of, the insured, his employees, patrons or any causes whatsoever.
In the original opinion the court of appeal concluded that there was no coverage for damages resulting from the assault and battery i.e., the rape, but remanded the case to the trial court for a determination of the damages which resulted from the wrongful entry into the victim's room before the assault on her. On remand the trial court found that the plaintiff suffered no such damage but again denied the insurer's motion for summary judgment. The court of appeal reversed the trial court and granted the insurer's motion. The Supreme Court did not grant certiorari, but simply granted a peremptory writ vacating the summary judgment and stating, "There are genuine issues of material fact."
The Ledbetter case is distinguishable. First, the exclusionary clause in each case is different. Perhaps in Ledbetter the Supreme Court saw something in the wording of the exclusionary clause which was not clear and gave rise to issues of material fact. The present clause clearly excludes coverage no matter whose version of the incident is accepted as true. Second, the Supreme Court in Ledbetter may have followed the same reasoning as Judge Brown did in his dissenting opinion at 588 So.2d 115. The incident in Ledbetter was directly within the scope of the innkeeper's duty to provide a reasonably safe place for his guests. The insurance policy in that case was designed for an innkeeper and specifically covered personal injuries from wrongful entry. To exclude coverage under these circumstances amounted to an oxymoron. The intent of the present policy is clear and the application of the exclusionary clause leads to no contradiction. As a general liability policy it covers negligent acts, defective products, premises' defects, and other things, but it does not cover bodily injuries arising out of assault and battery or the prevention or suppression thereof, which is what happened here.
Accordingly, the summary judgment in favor of 2 Bills Inc., Mark Teaney, Bill Colacurico, and Lillian Cohen is reversed and set aside. The judgment denying Western World's cross motion for summary judgment is likewise reversed and there is judgment in its favor of Western World dismissing plaintiff's claim against it and decreeing that it provides no insurance for the incident sued on. All costs are assessed against appellees.
REVERSED AND RENDERED.
BYRNES, J., dissents.
JONES, J., dissents with written reasons.
JONES, Judge, dissenting with written reasons.
I respectfully dissent. I would apply the reasoning of Breland v. Schilling, 550 So.2d 609 (La.1989) and affirm the decision of the trial court.