665 So.2d 440 (1995)
Terian Kay JACKSON
v.
Ray ROGERS, a/k/a Michael Ray Rogers, Individually and d/b/a Texas Dance Hall; Pharoah's Palace, Inc., and John Doe.
No. 95 CA 0486.
Court of Appeal of Louisiana, First Circuit.
November 9, 1995.
Rehearing Denied January 23, 1996.
*441 C. John Caskey, Baton Rouge, for Terian Kay Jackson.
Charles V. Guilbault, New Orleans, for Nautilus Ins. Co.
John P. Wolff, Baton Rouge, for Mike Rogers d/b/a Texas Dance Hall.
C. Glenn Westmoreland, Alan Gregory Rome, Baton Rouge, for Ray Rogers, Michael Ray Rogers, and Pharoah's Palace.
Madison C. Moseley, Metairie, for Northfield Ins. Co.
Before CARTER and PITCHER, JJ., and CRAIN[1], J. Pro Tem.
HILLARY J. CRAIN, Judge Pro Tem.
This is an appeal by plaintiff, Terian Kay Jackson, of the district court's judgment granting a motion for summary judgment and dismissing her claims against defendant, Northfield Insurance Company ("Northfield"). We affirm.

FACTS
Plaintiff, Ms. Jackson, filed suit for injuries she sustained while attending a concert at the Texas Dance Hall. Plaintiff alleges that she saw defendant, John Doe[2], an intoxicated member of the audience, hitting her two friends, Tracye Pecoraro and Michelle Moore. She went to assist her friends, and when attempting to help Tracye, she was elbowed or hit by John Doe, causing injury to her head. Ms. Jackson then slapped John Doe. Ms. Jackson alleges that very shortly after she slapped John Doe, Ray Rogers, an employee of the dance hall, jumped on her back and threw her to the floor. Ms. Jackson further alleges that, as a result of the fall to the floor, she sustained bruises and back and leg pain.
Plaintiff sued Ray Rogers a/k/a Michael Ray Rogers ("Rogers"), Pharoah's Palace, Inc. (owner and/or operator of Texas Dance Hall), and John Doe. By amended petition, plaintiff added defendants, Nautilus Insurance Company (insurer of Ray Rogers, Pharoah's Palace, Inc. and/or Texas Dance Hall), Port City Security, Inc. ("Port City"), and Northfield Insurance Company (insurer of Port City Security, Inc.).[3]
Plaintiff alleges that Port City Security, Inc. was retained by the dance hall to maintain order on the premises and negligently failed to prevent the altercation and to prevent her injuries.
Plaintiff's claims against Rogers, Pharoah's Palace, Inc., and Nautilus Insurance Company have been settled, and suit against these defendants has been dismissed.
Northfield Insurance Company ("Northfield") filed a motion for summary judgment on the basis that the assault and battery exclusion of the general liability insurance *442 policy issued to Port City Security, Inc. precludes coverage for plaintiff's damages. The district court agreed, granted the motion and dismissed plaintiff's suit against Northfield. Plaintiff has appealed.

ISSUES
Plaintiff's assignments of error raise three issues:
1. Whether the Northfield policy is a general liability policy within the meaning of La.R.S. 37:3276(E);
2. Whether the endorsement containing the assault and battery exclusion was properly before the district court; and
3. Whether the general liability policy issued by Northfield to Port City Security excludes coverage of plaintiff's claim.

ANALYSIS
The first issue raised by plaintiff concerns La.R.S. 37:3276(E), a statutory provision which, at the time, required a private security business to have in effect general liability insurance with limits of at least $25,000 which names the state as an additional insured. It further requires the private security business to provide a certificate of insurance to the Louisiana State Board of Private Security Examiners.
Plaintiff argues that the Northfield policy issued to Port City is not a general liability insurance policy as contemplated and required by La.R.S. 37:3276(E) because it contains an assault and battery exclusion. Therefore, the insurance contract must be reformed by eliminating the assault and battery exclusion so that the policy will conform to the legal mandate of La.R.S. 37:3276(E). We disagree.
An insurance policy is a contract, and the rules governing the interpretation of written agreements apply to insurance contracts. Hemel v. State Farm Mutual Automobile Insurance Company, 211 La. 95, 29 So.2d 483, 485 (1947). Thus, an insurance contract constitutes the law between the parties. Pareti v. Sentry Indemnity Company, 536 So.2d 417, 420 (La.1988). If the policy wording is clear and expresses the intent of the parties, the agreement must be enforced as written. Albritton v. Fireman's Fund Insurance Company, 224 La. 522, 70 So.2d 111, 113 (La.1953). In the absence of a conflict with statutes or with public policy, insurers have the same rights as do individuals to limit their liability. In such an event, unambiguous provisions in the insurance contract limiting liability must be given effect. Oceanonics, Inc. v. Petroleum Distributing Company, 292 So.2d 190, 192 (La.1974).
Louisiana Revised Statute 22:6(4) defines liability insurance as "[i]nsurance against the liability of the insured for the death, injury or disability of an employee or other person, and insurance against the liability of the insured for damage to or destruction of another person's property." There is no standard form required by statute for a general liability insurance policy. With the exception of a few specified areas, such as fire policies, each insurance company is free to write its own policy, subject to approval by the commissioner of insurance. La.R.S. 22:620; La. R.S. 22:691.
Furthermore, the Louisiana Insurance Code does not require a liability insurance policy to be free from endorsements or exclusions. In fact, La.R.S. 22:620 provides, in pertinent part, "Any insurer may insert in its policies any provision or conditions required by its plan of insurance or method of operation which are not prohibited by the provisions of this Code." We have held this provision to mean that, in the absence of conflict of laws or policy, an insurer has the same right to limit its liability and impose whatever conditions it pleases upon its obligation under the policy. Louisiana Commercial Bank v. Georgia International Life Insurance Company, 618 So.2d 1091, 1096 (La. App. 1st Cir.), writ denied, 620 So.2d 880 (La.1993).
Assault and battery exclusions have been upheld on numerous occasions, and we can find no evidence of or reason for prohibiting such exclusions as being against public policy. See, Nastasia v. Sylvan Incorporated, 617 So.2d 128 (La.App. 5th Cir.1993); Cortinez v. Handford, 490 So.2d 626 (La.App. 2nd Cir.1986); Taylor v. Duplechain, 469 So.2d *443 472 (La.App. 3rd Cir.), writ denied, 474 So.2d 1306 (La.1985).
The provision requiring security businesses to have in effect a general liability insurance policy does not define the term "general liability insurance." With the exception of the requirements of $25,000 in coverage and the inclusion of the state as a named insured, La.R.S. 37:3276(E) does not require nor restrict policy provisions.
The policy in question had a limit of liability of $1,000,000 per occurrence and $2,000,000 aggregate. It also listed the state as a named insured. Consequently, the policy met all requirements of La.R.S. 37:3276(E) and the Insurance Code. We find no merit in plaintiff's argument on this issue.
Plaintiff next contends that the endorsement containing the assault and battery exclusion was not properly before the court. The basis for this contention is that the endorsement did not contain information linking it to the policy or to the affidavit filed into evidence.
Dennis Sager, Vice-President of Northfield Insurance Companies, states, in an affidavit which attests to be based upon personal knowledge, that "the attached policy CPP013294, including all endorsements thereon or attached thereto, is a true, complete and exact copy" of the policy issued to Port City and effective at the time of the incident. The endorsement containing the assault and battery exclusion was attached to the policy and affidavit which was filed into the record. The endorsement was referenced on the declaration page as being made a part of the policy at the time of issue.
Louisiana Code of Civil Procedure article 967 requires that affidavits be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein. This provision also requires that sworn or certified copies of all papers or parts referred to in an affidavit must be attached to the affidavit. All requirements of La.C.C.Pr. art. 967 have been met. We find no merit in plaintiff's argument in this regard.
Plaintiff also contends that the assault and battery exclusion does not apply to the incident from which her injuries arose, and that there are unresolved material issues of fact which preclude the grant of a motion for summary judgment.
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Potter v. First Federal Savings and Loan Association of Scotlandville, 615 So.2d 318, 325 (La.1993). A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits submitted, if any, show there is no genuine issue of material fact such that the mover is entitled to judgment as a matter of law. La.C.C.Pr. art. 966. A dispute as to the issue of whether, as a matter of law, the language in an insurance policy provides coverage to a party can properly be resolved within the context of a motion for summary judgment. Domingue v. Reliance Insurance Company, 619 So.2d 1220, 1223 (La.App. 3rd Cir.1993). Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed facts shown by the evidence supporting the motion, under which coverage could be afforded. Westerfield v. LaFleur, 493 So.2d 600, 605 (La.1986).
Northfield's policy issued to Port City contained an assault and battery exclusion which reads, in pertinent part:
This insurance does not apply to:
a. "Bodily injury" or "property damage":
. . . . .
2. arising out of assault or battery, or out of any act or omission in connection with the prevention or suppression of an assault or battery.
An unambiguous provision of an insurance policy, which does not conflict with public policy or statutes, is an allowable limitation of liability and must be given effect. Oceanonics, Inc. v. Petroleum Distributing Company, 292 So.2d at 192. We find Northfield's assault and battery exclusion to be clear and *444 unambiguous. See, Gaspard v. Northfield Insurance Company, 94-510, 94-511 (La. App. 3rd Cir. 11/2/94), 649 So.2d 979, writ denied, 94-2906 (La. 2/9/95), 650 So.2d 1166. As previously discussed, this exclusion is not prohibited by public policy or statute. Therefore, the assault and battery exclusion is an allowable limitation of liability and must be given effect.
Finding that the exclusion must be given effect, we must now determine if liability under the policy is excluded considering the material undisputed facts of this case. It is undisputed that an altercation occurred in which Ms. Jackson intervened, was hit by John Doe and then slapped John Doe. It is also clear that Mr. Rogers made physical contact with Ms. Jackson as a result of the altercation.
The policy provision excludes liability for bodily injury arising from a battery or from any act or omission in connection with the prevention or suppression of an assault or battery. Mr. Rogers states that he was attempting to stop the altercation when he grabbed Ms. Jackson. Ms. Jackson does not dispute this. Ms. Jackson agrees that Mr. Rogers grabbed her. She adds that he brutally jumped on her and threw her to the floor. Two friends of Ms. Jackson agree that they witnessed Mr. Rogers jump on Ms. Jackson and throw her to the floor.[4] There is a difference between the versions relating to the mechanics of Mr. Rogers contact with Ms. Jackson, but there is no issue of material fact. Ms. Jackson's injuries arose either from the altercation in which Mr. Rogers was a part or from the suppression of a battery by Mr. Rogers. In either instance, liability is excluded by the clear provisions of the policy.
Plaintiff alleges that Port City's liability arises from their negligence in failing to prevent the altercation which gave rise to her injuries. If we are only to look at Port City's conduct, Ms. Jackson's claim also would be excluded under the policy because her injuries arose from an "omission in connection with the prevention or suppression of an assault or battery." Under any of these scenarios, there is no insurance coverage.

DECREE
For the foregoing reasons, the judgment of the district court granting the motion for summary judgment in favor of defendant, Northfield Insurance Company, and dismissing plaintiff's claim against them, is AFFIRMED. Costs are assessed against plaintiff, Terian Kay Jackson.
AFFIRMED.
NOTES
[1] Judge Hillary J. Crain, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The identity of the party is unknown.
[3] Northfield Insurance Company was erroneously listed as Northland Insurance Company in plaintiff's third amended petition.
[4] The depositions of Ms. Jackson, Mr. Rogers, Ms. Pecoraro and Ms. Rebecca Garten were filed with the district court.