683 So.2d 846 (1996)
Timothy MAISE and Ricky J. Smith, Jr.
v.
CAT'S MEOW, INC., et al.
No. 96-C-1998.
Court of Appeal of Louisiana, Fourth Circuit.
October 16, 1996.
John A. Stewart, Jr., Hulse & Wanek, New Orleans, for relator Alliance General Ins. Co.
Scott R. Wheaton, Jr., Stanley J. Cohn, Lugenbuhl, Burke, Wheaton, Peck, Rankin & Hubbard, New Orleans, for respondent Cat's Meow, Inc.
Gregory C. Weiss, Weiss & Eason, L.L.P., New Orleans, for respondents Timothy Maise and Ricky J. Smith.
Before BYRNES, III, CIACCIO and LOBRANO, JJ.
*847 LOBRANO, Judge.
We granted certiorari to consider relator's complaint that the trial court erred in denying its motion for summary judgment.
Plaintiffs Timothy Maise and Ricky J. Smith, Jr. sued Cat's Meow, Inc. and its insurer, Alliance General Insurance Company, for injuries received in connection with a battery inflicted upon them during an altercation at the Cat's Meow bar. Alliance General filed a motion for summary judgment, alleging that the incident complained of by the plaintiffs is excluded under the "assault and battery" exclusion of its policy. That motion was denied and Alliance General filed the instant writ application.
Relator's policy provides for the following exclusion:
1. "Claims" or "suits" to recover damages for "bodily injury" or "property damage" arising from actual or alleged "assault" and/or "battery", as herein defined, are excluded from coverage, and the Company is under no duty to defend or indemnify an insured regardless of the degree of culpability or intent and without regard to:
a. Whether the acts are alleged to be by or at the instruction or at the direction of the insured, his officers, employees, agents or servants; or by any other person lawfully or otherwise on, at or near the premises owned or occupied by the insured; or by any other person;
b. The alleged failure or fault of the insured, or his officers, employees, agents or servants, in the hiring, supervision, retention or control of any person, whether or not an officer, employee, agent or servant of the insured;
c. The alleged failure or fault of the insured, or his officers, employees, agents or servants, to attempt to prevent, bar or halt any such conduct.
Despite the arguments to the contrary by respondents, this court has distinguished an "assault and battery" exclusion from an "intentional act" exclusion. Alvarado v. Doe, 613 So.2d 166, 171 (La.App. 4th Cir.1992), writ denied, 614 So.2d 64 (La.1993). We have also held that the "assault and battery" exclusion is applicable even though plaintiff's claim is based on negligence. Alvarado v. Doe, 94-2366 (La.App. 4th Cir. 4/13/95), 654 So.2d 760. See, also Kiefer v. Whittaker, 468 So.2d 587 (La.App. 4th Cir.1985), writ denied 469 So.2d 979 (La.1985). Therefore, irrespective of the fault alleged by plaintiffs, (whether negligence, intentional act or otherwise) in the instant case, because their injuries arose out of a battery, relator's policy provides no coverage because of its exclusion.
Accordingly, we grant relator's writ application, reverse the judgment of the trial court and enter summary judgment dismissing relator, with prejudice, from the instant suit. All costs to be paid by respondents.
REVERSED AND RENDERED.