CRAIN, J.
The defendants appeal a summary judgment dismissing a third-party demand seeking insurance coverage and a defense from their liability insurer. We affirm.
FACTS AND PROCEDURAL HISTORY
This proceeding arises out of an altercation between Ronald P. Guste and Earl Albert Lirette III that occurred at Lirette's business, Tiger Audio, L.L.C. Guste and his wife, Betty Anne Guste, sued Lirette and Tiger Audio seeking damages for injuries allegedly sustained in the incident. According to his petition, Guste entered the customer showroom of Tiger Audio to speak with Lirette about wages owed to Guste's grandson. As Guste approached Lirette, who was standing behind a counter, the following allegedly occurred:
Earl Lirette, III, came from behind the counter and violently assaulted and battered your Petitioner, Ronald Guste, throwing him to the ground, causing severe injuries to his mind and body, including but not limited to a fractured hip, which rendered Ronald Guste bed-ridden and has caused permanent injury. [Emphasis removed.]
Lirette and Tiger Audio filed a third-party demand against their general liability insurer, Montpelier U.S. Insurance Company, contending Montpelier's policy covered the alleged liability of Lirette and Tiger Audio and obligated Montpelier to defend them in the litigation. Guste also amended his petition to assert a direct claim against Montpelier as the alleged liability insurer for Lirette and Tiger Audio.[1]
*1129 Montpelier filed a motion for summary judgment seeking dismissal of all claims against it, relying in relevant part on a policy exclusion applicable to bodily injury "arising out of assault and/or battery." The trial court granted the motion and, in a judgment signed April 19, 2017, dismissed all claims against Montpelier. Lirette and Tiger Audio appeal.[2]
DISCUSSION
After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact and mover is entitled to judgment as a matter of law. La. Code Civ. Pro. art. 966A(3). The summary judgment procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of every action. La. Code Civ. Pro. art. 966A(2). In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria governing the trial court's determination of whether summary judgment is appropriate. In re Succession of Beard , 13-1717 (La. App. 1 Cir. 6/6/14), 147 So.3d 753, 759-60.
If the mover will bear the burden of proof at trial on the issue before the court on the motion, the burden of showing there is no genuine issue of material fact remains with the mover. See La. Code Civ. Pro. art. 966D(1); Smith v. Moreau , 17-0003 (La. App. 1 Cir. 6/2/17), 222 So.3d 761, 765. When a motion is made and properly supported, an adverse party may not rest on the mere allegations or denials of his pleading; his response, by affidavits or as otherwise provided by law, must set forth specific facts showing there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. See La. Code Civ. Pro. art. 967B.
Insurance Coverage under Montpelier's Policy
Summary judgment may be rendered on the issue of insurance coverage alone, although there is a genuine issue as to liability or damages. See La. Code Civ. Pro. art. 966E; Smith , 222 So.3d at 765 ; Simmons v. Weiymann , 05-1128 (La. App. 1 Cir. 8/23/06), 943 So.2d 423, 425. Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation under which coverage could be afforded when applied to the undisputed material facts shown by the evidence supporting the motion. Smith , 222 So.3d at 765 ; Rider v. Ambeau , 11-0532 (La. App. 1 Cir. 2/1/12), 100 So.3d 849, 854. Absent a conflict with statutory provisions or public policy, insurers are entitled to limit their liability and impose and enforce reasonable conditions upon the policy obligations they contractually assume. Hickey v. Centenary Oyster House , 97-1074 (La. 10/20/98), 719 So.2d 421, 425. An insurer seeking to avoid coverage through summary judgment bears the burden of proving some exclusion applies to preclude coverage. Smith , 222 So.3d at 765 ; Lewis v. Jabbar , 08-1051 (La. App. 1 Cir. 1/12/09), 5 So.3d 250, 254.
Montpelier relies, in relevant part, on the following exclusion added to the policy by an endorsement:[3]
*1130 ASSAULT AND BATTERY EXCLUSION
This policy does not apply to "bodily injury," "personal injury" or "property damage" arising out of assault and/or battery or out of any act or omission in connection with the prevention or suppression of such acts, including the failure to warn, train or supervise, whether caused by or at the instigation or direction of the Insured, his employees, patrons or any other person.
Similar "assault and battery" exclusions have routinely been upheld by Louisiana courts. See Hickey , 719 So.2d at 423 ; Ledbetter v. Concord General Corp. , 95-0809 (La. 1/6/96), 665 So.2d 1166, 1170, amended , 95-0809 (La. 4/18/96), 671 So.2d 915 ; Jackson v. Rogers , 95-0486 (La. App. 1 Cir. 11/9/95), 665 So.2d 440, 442 ; see also McKenzie & H. Alston Johnson, III, Insurance Law & Practice , § 5:5, n.50, 15 Louisiana Civil Law Treatise. Where, as here, the policy does not define "assault" or "battery," courts have used definitions developed in the civil jurisprudence. See Bennett v. Ragon , 04-0706 (La. App. 1 Cir. 3/24/05), 907 So.2d 116, 120-21 ; Akers v. Columns Hotel, Inc. , 16-0870 (La. App. 4 Cir. 5/10/17), 220 So.3d 138, 144. A "battery" is a harmful or offensive contact with a person, resulting from an act intended to cause him to suffer such a contact. Caudle v. Betts , 512 So.2d 389, 391 (La. 1987) ; Bennett , 907 So.2d at 121 ; Akers , 220 So.3d at 144. The requisite intent need not be malicious nor to inflict actual damage. It is sufficient if the actor intends to inflict either a harmful or offensive contact without the other's consent. Caudle , 512 So.2d at 391. An "assault" is generally defined as the "threat of a battery." Bennett , 907 So.2d at 120 ; Akers , 220 So.3d at 144.
In support of its motion, Montpelier offered the original and amended petitions filed on behalf of Guste, a copy of the subject insurance policy (authenticated by an affidavit), excerpts from depositions of Guste and Lirette, and excerpts of transcribed testimony from a previous trial in the matter.[4]
In his trial testimony, Guste testified he went to Tiger Audio to talk to Lirette about why Guste's grandson had not been paid for work performed at the store. After exchanging words, Guste turned and began walking to the exit when the following occurred:
I was walking out the door ... and I stopped four or five feet from the door. And I told those two men that were in there, all I'm asking is why he didn't pay my grandson. And [Lirette] came up to me before I knew it and threw me down.
At his deposition, taken after the judgment from the earlier trial was vacated, Guste testified Lirette either pushed or pulled him to the floor. Guste denied making any threatening gestures toward Lirette.
*1131 Lirette agreed an altercation occurred but claimed Guste was the aggressor. According to Lirette's trial testimony, Guste was "fussing" about wages owed to Guste's grandson, and Lirette repeatedly tried to get Guste to leave. Lirette described the confrontation as follows:
So then I went back around my counter again to escort him out the door, and that's when he put his hand like this (Indicating), and I pushed him away from me. Because I thought he was about to punch me in my face, so I just pushed him away from me.... [W]hen he put his hand in my face and I thought he was about to hit me, then I had to defend myself and I pushed him away from me. Bottom line. That's what happened.
Lirette was deposed and denied putting his hands on Guste, except to block an apparent punch from Guste. According to Lirette, Guste made a movement with his hand "like he was going to punch me," and Lirette "deflected" it with his hands. Lirette felt "threatened" and believed Guste was about to hit him.
In opposition to the motion, Lirette and Tiger Audio dispute the cause of Guste's injuries and argue that even if Guste was injured in the altercation, Tiger Audio is incapable of forming the intent to commit an assault or battery. The appellants cite testimony in Lirette's deposition, wherein he stated "it's possible" Guste wound up on the floor because he tripped over boxes on the showroom floor. However, when pressed, Lirette conceded that Guste fell as a result of their altercation:
Q. Okay. As [Guste] was walking towards you immediately prior to the physical contact that y'all had, you did not see him trip over any boxes, did you?
A. No. There were boxes by where he was at.
* * *
Q. But you didn't see him tripping over any boxes?
A. Not in the beginning. There were boxes where he landed.
* * *
Q. All right. What caused him to fall was him trying to hit you in the face and you deflecting-
A. Yes, sir.
Q. -his hands, correct?
* * *
A. Yes.
* * *
Q. [Y]ou specifically did not see any boxes that caused Mr. Guste to fall; is that correct?
A. Not that I recall.
This testimony does not create a genuine issue of material fact. Lirette's speculation that Guste possibly tripped over some boxes was dispelled by his own testimony. Conclusory allegations, improbable inferences, and unsupported speculation will not support a finding of a genuine issue of material fact. Guillory v. The Chimes , 17-0479 (La. App. 1 Cir. 12/21/17), 240 So.3d 193, 195 ; Ritchey v. State Farm Mutual Automotive Insurance Company , 17-0233 (La. App. 1 Cir. 9/15/17), 228 So.3d 272, 279.
The uncontradicted evidence establishes Guste was injured during a physical altercation with Lirette. The only conflict in the evidence concerns who was the aggressor, Lirette or Guste. However, that factual issue is not material to the application of the subject exclusion, which applies to bodily injury "arising out of assault and/or battery ... caused by or at the instigation or direction of the Insured , his employees, patrons or any other person. " (Emphasis added.) This exclusion does not depend on the identity of the person who committed *1132 the assault or battery but extends to acts committed by any person.
In Jackson , this court applied an exclusion that precluded coverage for bodily injury "arising out of assault or battery." Jackson , 665 So.2d at 443-44. Despite variations in the witnesses' accounts of the altercation leading to plaintiff's injuries, this court affirmed a summary judgment in favor of the insurer, explaining:
There is a difference between the versions relating to the mechanics of [the defendant's] contact with [the plaintiff], but there is no issue of material fact. [The plaintiffs] injuries arose either from the altercation in which [the defendant] was a part or from the suppression of a battery by [the defendant]. In either instance, liability is excluded by the clear provisions of the policy.
Jackson , 665 So.2d at 444.
In Alvarado v. Doe , 613 So.2d 166, 170 (La. App. 4 Cir. 1992) (on rehearing), writs denied , 614 So.2d 64 (La. 1993), the fourth circuit considered facts remarkably similar to the present case. The plaintiff claimed the defendant's employee hit him without provocation, while the employee testified the plaintiff fell down when the employee "threw [his] arms up ... to keep [the plaintiff] from punching [him]." Applying an assault and battery exclusion almost identical to the subject exclusion, the court explained:
The exclusion in this policy is clear. The insurance does not apply to bodily injury arising out of 1) assault and battery or 2) out of any act or omission in connection with the prevention or suppression of an assault and battery. This is so regardless of who precipitated the incident, whether an employee or a customer or anyone else. There is a difference between the versions of plaintiff and [the employee], but there is no issue of material fact. If plaintiff's version is believed, his injuries arose out of an assault and battery perpetrated by [the employee]. If [the employee's] version is believed, plaintiff's injuries arose out of [the employee's] attempt to prevent or suppress plaintiff's assault and battery on him. In either case there is no insurance coverage.
Alvarado , 613 So.2d at 171 (emphasis in original).
We reach the same conclusion. Regardless of who was the aggressor, the evidence establishes Guste's injuries arose out of either an assault or battery. That undisputed fact, alone, makes the subject exclusion applicable. See Jackson , 665 So.2d at 444 ; Alvarado , 613 So.2d at 171 ; see also Proshee v. Shree, Inc. , 04-1145 (La. App. 3 Cir. 2/2/05), 893 So.2d 939, 943 (finding that an exclusion for " '[a]ny actual, threatened or alleged assault or battery' means just what it says-any assault or battery is excluded regardless of who perpetrated it"); Goldman v. Doe , 12-531 (La. App. 5 Cir. 3/27/13), 113 So.3d 376, 383 (applying similar exclusionary language, court found "whether the attack occurred between two patrons or one patron and one employee is of no consequence for purposes of the applicability of the assault and battery exclusions").[5]
Lirette and Tiger Audio argue Guste's petition contains separate allegations of negligence, including negligent training, supervision, and hiring. Notwithstanding those allegations, the evidence establishes *1133 Guste's injuries arose out of an assault or battery. That determinative fact renders the exclusion applicable, regardless of whether Lirette or Tiger Audio was negligent in training or supervising their employees. No evidence was presented indicating Guste suffered negligently inflicted injuries that were separate and distinct from the injuries arising out of the assault or battery. Under any theory of recovery, his injuries remain the product of an assault or battery.[6] The trial court did not err in granting summary judgment dismissing Lirette and Tiger Audio's claims seeking coverage under Montpelier's policy. See Jones v. Yacht Club , 96-300 (La. App. 3 Cir. 10/23/96), 682 So.2d 816, 818 ("There is simply no coverage for the insured's potential liability resulting from a battery, whatever the theory or theories of law the tort claimant advances in a potential action against [the] insured."); Maise v. Cat's Meow, Inc. , 96-1998 (La. App. 4 Cir. 10/16/96), 683 So.2d 846, 847 ("[irrespective of the fault alleged by plaintiffs, (whether negligence, intentional act or otherwise) in the instant case, because their injuries arose out of a battery, relator's policy provides no coverage because of its exclusion."); Schexnayder v. Fed Ventures , 625 So.2d 530, 534 (La. App. 5 Cir. 1993) ("Although the allegations contained in the petition are couched in terms of negligence, ... we believe the circumstances as described in the depositions by all three plaintiffs constitute battery. To find otherwise defies logic."). This assignment of error is without merit.
Duty to Defend
An insurer's duty to defend arises solely under contract. Arceneaux v. Amstar Corp. , 15-0588 (La. 9/7/16), 200 So.3d 277, 286. The Montpelier policy provides:
We have the right and duty to defend any "insured" against a "suit" asking for [covered] damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.
Applying similar language, our courts have held an insurer's duty to defend is determined by the allegations of the plaintiff's petition, with the insurer obligated to furnish a defense unless from the petition it is clear the policy unambiguously excludes coverage. See Elliott v. Continental Casualty Company , 06-1505 (La. 2/22/07), 949 So.2d 1247, 1250 ; Crosstex Energy Services, LP v. Texas Brine Company, LLC , 17-0863 (La. App. 1 Cir. 12/21/17), 240 So.3d 1024, ----, writ denied , 18-0144 (La. 3/23/18), 238 So.3d 962. If, assuming the allegations of the petition are true, there is both coverage under the policy and liability to the plaintiff, the insurer must defend the insured regardless of the outcome of the suit. Elliott , 949 So.2d at 1250 ; Steptore v. Masco Construction Co. , 93-2064 (La. 8/18/94), 643 So.2d 1213, 1218.
Under this standard of review, sometimes referred to as the "eight corners rule," an insurer must look to the four corners of the petition and the four corners of the policy to determine its duty to defend. See Maldonado v. Kiewit Louisiana Co. , 13-0756 (La. App. 1 Cir. 3/24/14), 146 So.3d 210, 218 ; Vaughn v. Franklin , 00-0291 (La. App. 1 Cir. 3/28/01), 785 So.2d 79, 84, writ denied , 01-1551 (La. 10/5/01), 798 So.2d 969. In applying this rule, courts look to factual , not conclusory, allegations *1134 of the petition to determine whether the insurer must defend the insured. See Crosstex Energy Services, LP , 240 So.3d at ---- (2017 WL 6559768, p.5) ; Maldonado , 146 So.3d at 218-19 ; Henly v. Phillips Abita Lumber Co. , 06-1856 (La. App. 1 Cir. 10/3/07), 971 So.2d 1104, 1110 ; Chalmers, Collins & Alwell, Inc. v. Burnett & Company, Inc. , 15-249 (La. App. 3 Cir. 10/7/15), 175 So.3d 1100, 1102, writ denied , 15-2060 (La. 1/8/16), 184 So.3d 695 ; see also McKenzie & Johnson, at § 7:2. If a petition does not allege facts within the scope of coverage, an insurer is not required to defend a suit against its insured. Crosstex Energy Services, LP , 240 So.3d at 1029 (2017 WL 6559768, at *5) ; Maldonado , 146 So.3d at 219.
Arguing Montpelier had a duty to defend from the outset of the litigation, Lirette and Tiger Audio point to negligence allegations in Guste's petition. While Guste alleged the defendants negligently trained or supervised their employees, the factual allegations in the original petition, and repeated by reference in a supplemental and amending petition, assert Lirette "came from behind the counter and violently assaulted and battered" Guste by "throwing him to the ground, causing severe injuries to his mind and body." [Emphasis removed.] Assuming those allegations to be true, coverage is unambiguously excluded by the assault and battery exclusion. See Smith v. Babin , 15-1029, 2016 WL 1535692, at *11 (La. App. 1 Cir. 4/15/16) (finding no duty to defend where "[d]espite the use of the word 'negligent' in the ... petition, [the plaintiff] clearly alleged intentional, not negligent, acts" by the alleged insured); Ebarb v. Boswell , 51,445 (La. App. 2 Cir. 7/19/17), 224 So.3d 523, 528 ("[R]egardless of how [the plaintiff] characterized his tort, the battery was the occurrence which gave rise to his claims against defendants."); Prestenbach v. Badeaux , 03-809 (La. App. 5 Cir. 12/30/03), 865 So.2d 180, 183 (affirming summary judgment finding insurer had no duty to defend where "the petition ... clearly alleges intentional, and not negligent acts, despite the use of the word negligent in the petition"). The trial court did not err in dismissing appellants' claim that Montpelier had a duty to defend them in this litigation. This assignment of error is without merit.
CONCLUSION
The April 19, 2017 summary judgment is affirmed. All costs of this appeal are assessed to Earl Albert Lirette III and Tiger Audio, LLC.
AFFIRMED.

For more information on the procedural history of this case, which includes a trial on the merits and a judgment rendered thereon, which was vacated by this court, see Guste v. Lirette , 15-1284, 2016 WL 3569840 (La. App. 1 Cir. 6/28/16) (vacating a judgment on the merits in favor of Guste) and Guste v. Lirette , 15-1285, 2016 WL 3569850 (La. App. 1 Cir. 6/28/16) (reversing a judgment dismissing the defendants' third-party demand).

After the record was lodged on appeal, this court, ex proprio motu, issued a rule to show cause why the appeal should not be dismissed because the April 19, 2017 judgment was not designated a final judgment pursuant to Louisiana Code of Civil Procedure article 1915B. After further review, we find the judgment is final and subject to immediate appeal, without the need for designation, pursuant to Article 1915A(1) and (3). The appeal is maintained.

A standard exclusion asserted by Montpelier applies to bodily injury "expected or intended from the standpoint of the 'insured,' " except for bodily injury "resulting from the use of reasonable force to protect persons or property." We base our decision on the assault and battery exclusion in the endorsement, which controls over the standard policy terms. See Mattingly v. Sportsline, Inc. , 98-230 (La. App. 5 Cir. 10/28/98), 720 So.2d 1227, 1230, writ denied , 98-2938 (La. 1/29/99), 736 So.2d 830.

Lirette and Tiger Audio entered a general objection to Montpelier's exhibits, which was overruled. Absent an assignment of error as to that ruling, the admissibility of the evidence, most notably the testimony from the prior trial, is not before this court. Thus, we consider all of Montpelier's exhibits in our review of the summary judgment. See La. Code Civ. Pro. art. 966D(2); Thompson v. Center for Pediatric and Adolescent Medicine, L.L.C. , 17-1088 (La. App. 1 Cir. 3/15/18), 244 So.3d 441, ---- (2018 WL 1324414, p.9).

Because the exclusion is not limited to an assault or battery committed by a particular insured, we need not determine whether a legal entity such as Tiger Audio can form an intent to commit an assault or battery. Once triggered, the exclusion precludes coverage for any liability for the plaintiff's alleged injuries, regardless of which insured is seeking coverage.

Notably, when injuries arise out of an assault or battery, the subject exclusion extends to liability arising out of negligent conduct related thereto, including "the failure to warn, train or supervise" employees.