# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

WASTE MANAGEMENT OF
LOUISIANA LLC D/B/A WOODSIDE
LANDFILL, WASTE MANAGEMENT
NATIONAL SERVICES, INC.

VERSUS

STAFFORD LOGISTICS, INC.
D/B/A CUSTOM ECOLOGY, INC.,
STARR INDEMNITY & LIABILITY
COMPANY, CRUM & FORSTER
SPECIALTY INSURANCE COMPANY,
AXIS SURPLUS INSURANCE
COMPANY, AND SCOTTSDALE
INSURANCE COMPANY

**NOVEMBER 8, 2022**

---

In Re:    Axis Surplus Insurance Company and Starr Indemnity &
          Liability Company, applying for supervisory writs,
          19th Judicial District Court, Parish of East Baton
          Rouge, No. 686651.

---

**BEFORE:    McDONALD, THERIOT, AND CHUTZ, JJ.**

**WRIT GRANTED.** The district court's April 20, 2022 judgment, which denied the motions for summary judgment filed by defendants, Starr Indemnity & Liability Company and Axis Surplus Insurance Company, is reversed. The commercial auto liability insurance policy issued by defendant, Starr Indemnity & Liability Company, states that it will "pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.'" The excess commercial auto liability insurance policy issued by defendant, Axis Surplus Insurance Company, states that it is "excess insurance and, except as otherwise stated in this policy, follows the terms, conditions, exclusions, and endorsements of the 'first underlying insurance,' and it will "pay those sums in excess of the 'underlying insurance' that you become legally obligated to pay as damages because of injury or damage to which this insurance applies, provided that the 'underlying insurance' also applies."

"Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation under which coverage could be afforded when applied to the undisputed material facts shown by the evidence supporting the motion." **Guste v. Lirette**, 2017-1248 (La. App. 1st Cir. 6/4/18), 251 So.3d 1126, 1129. The tort victim in this matter was injured while unloading waste from the trailer he hauled to the facility owned by the tortfeasor, Waste Management of Louisiana LLC d/b/a Woodside Landfill, Waste Management National Services, Inc., while the truck he used to haul the waste was parked. This court has held that in order to determine whether the claim arises out of the use of an automobile, it must examine the acts of the tortfeasor and

not the accident victim. **Fleniken v. Entergy Corp.**, 99-3023, 99-3024 (La. App. 1st Cir. 2/16/01), 790 So.2d 64, 70, <u>writs denied</u>, 2001-1269 2001-1295 (La. 6/15/01), 793 So.2d 1250, 1252. We find the complained of conduct by the alleged tortfeasor, Waste Management of Louisiana LLC d/b/a Woodside Landfill, Waste Management National Services, Inc., does not constitute use of an automobile. Thus, we find that Starr Indemnity & Liability Company and Axis Surplus Insurance Company met their burden of proving that the policies at issue do not provide coverage because the tortfeasor's activity did not involve the use of an automobile. <u>See</u> **Terminix Services, Inc. v. State Farm Mut. Auto. Ins. Co.**, 2001-720 (La. App. 5th Cir. 11/27/01), 803 So.2d 198. Therefore, we find that there is no coverage or duty to defend under the policies issued by Starr Indemnity & Liability Company and Axis Surplus Insurance Company. Accordingly, the motion for summary judgment is granted, and all claims against Starr Indemnity & Liability Company and Axis Surplus Insurance Company are dismissed with prejudice.

**JMM**
**MRT**
**WRC**

COURT OF APPEAL, FIRST CIRCUIT

*[signature]*
_____
DEPUTY CLERK OF COURT
FOR THE COURT