# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

PRISCILLA DUET AND CURTIS DUET

VERSUS

CALEB LAND CORPORATION

NO. 2023 CW 0148

JUNE 1, 2023

---

In Re: Stonetrust Commercial Insurance Company, applying for supervisory writs, 17th Judicial District Court, Parish of Lafourche, No. 143161.

---

BEFORE: WELCH, PENZATO, AND LANIER, JJ.

WRIT GRANTED. The district court's January 18, 2023 order denying the motion for summary judgment filed by the third-party defendant, Stonetrust Commercial Insurance Company, is reversed. An "insurer's duty to defend suits brought against its insured is determined by the allegations of the plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage." **Steptore v. Masco Const. Co., Inc.**, 93-2064 (La. 8/18/94), 643 So.2d 1213, 1218. Further, an insurer's duty to defend is generally broader than its obligation to provide coverage for damage claims. **Id.** "[C]ourts look to *factual*, not conclusory, allegations of the petition to determine whether the insurer must defend the insured." **Guste v. Lirette**, 2017-1248 (La. App. 1st Cir. 6/4/18), 251 So.3d 1126, 1133-34. The policy at issue herein provides workers' compensation coverage and employers' liability coverage for claims that "arise out of and in the course of the injured employee's employment." The petition herein specifically alleged that Priscilla Duet was employed as a general laborer with CJ Star Cattle Co., LLC and was an invitee on the premises of Caleb Land Corporation. The petition makes no allegation that plaintiff was an employee of the insured, Caleb Land Corporation. Thus, we find the petition unambiguously excludes coverage under the policy issued by third-party defendant, Stonetrust Commercial Insurance Company. Therefore, the motion for summary judgment filed by the third-party defendant, Stonetrust Commercial Insurance Company, is granted, and Caleb Land Corporation's claims against Stonetrust Commercial Insurance Company are dismissed.

JEW
AHP
WIL

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT