HIGGINBOTHAM, J.
|aThis is an appeal from a judgment rendered after a bench trial in a declaratory judgment action. At issue on appeal is whether an insurer’s duty to defend an additional insured in an underlying tort suit terminated at some point after the original petition was filed; and, if so, exactly when the duty to defend ended. The trial court rendered judgment against the insurer finding that it owed a duty to defend the additional insured through the appeal process for the acts alleged in the petition in the underlying tort suit. We amend the trial court judgment in part by modifying the time period of the insurer’s duty to defend and, as amended, we affirm.
FACTS AND PROCEDURAL BACKGROUND
Twin City Fire Insurance Company (Twin City) issued a comprehensive general liability policy (CGL) to JL Steel Reinforcing, LLC (JL Steel).[1] JL Steel was a subcontractor to KMTC-JV, which was the general contractor on a Department of Transportation and Development (DOTD) construction project to widen the Huey P. Long Bridge.[2] The subcontract between KMTC-JV and JL Steel required Twin City’s insured, JL Steel, to provide insurance coverage to KMTC-JV as an “additional insured.” JL Steel procured insurance from Twin City to comply with the subcontract and provide additional insured coverage for organizations with which JL Steel contracted.
During the bridge-widening project on June 12, 2009, a fatal accident occurred. JL Steel employees, Ulvaldo Soto Martinez and Martin Reyes, were killed when the steel cage where they were working on top of a bridge-column footing collapsed. On September 2, 2009, plaintiffs, Maria C. Maldonado, widow of decedent Ulvaldo Soto Martinez, and Gilberto Soto Martinez, decedent’s brother, filed a wrongful death and survival action (Maldonado, et al. v. Kiewit Louisiana Co., et al. c/w Twin City | ^Fire Insurance Company v. JL Steel Reinforcing, LLC, et al., 2012-1868 c/w 2012-1869 (La.App. 1st Cir. 5/30/14), — So.3d -), hereafter referred to as “the Maldonado matter,” in the Nineteenth Judicial District Court. Plaintiffs in the Maldonado matter sued twelve defendants, including KMTC-JV and its insurer, Zurich American Insurance Company (Zurich), alleging liability for causing Ulvaldo Soto *214 Martinez’s death. Four supplemental and amending petitions were subsequently-filed by plaintiffs in the Maldonado matter.
On May 25, 2011, after several defendants named in the tort suit, including KMTC-JV and Zurich, demanded defense and indemnification from JL Steel pursuant to their respective subcontracts, Twin City filed a petition for declaratory judgment.[3] Twin City sought a judgment declaring that its policy precluded additional insured coverage for the claims asserted against KMTC-JV in the underlying Maldonado matter as of March 21, 2011, because on that date the plaintiffs in the Maldonado matter filed their third supplemental and amended petition, which: (1) removed JL Steel as a defendant; (2) withdrew all allegations of fault on the part of JL Steel; and (3) no longer alleged that KMTC-JV was vicariously liable for acts or omissions of JL Steel. Twin City’s petition for declaratory judgment was consolidated with the underlying Maldonado matter.
KMTC-JV filed a motion for summary judgment in the underlying Maldonado matter on June 7, 2011, arguing that it qualified as the statutory employer of JL Steel and its employees. The trial court granted KMTC-JV’s motion on May 9, 2012. As a result, KMTC-JV could no longer be found liable for negligence in the Maldonado matter. In order to recover from KMTC-JV in the underlying Maldonado matter, 15plaintiffs would be required to prove that KMTC-JV acted intentionally in causing Ulvaldo Soto Martinez’s death.[4]
The Maldonado matter was tried before a jury on May 9-18, 2012. On May 18, 2012, the jury returned a verdict in favor of plaintiffs and against KMTC-JV, Keiwit Engineering Co. (KECO), and Modjeski & Masters, Inc. (M & M), for 80%, 10%, and 10% fault, respectively. The jury found 0% fault on the part of “any other persons.” Judgment was signed in accordance with the jury verdict on May 30, 2012.[5] Defendants’ appeal of the adverse judgment in the Maldonado matter is currently pending before this court.
On September 14, 2012, KMTC-JV and Zurich filed a motion for partial summary judgment regarding outstanding defense costs against Twin City. At a hearing on November 26, 2012, the trial court ruled from the bench and ordered Twin City “to pay the defense costs to their insured.” The judgment was signed on January 28, 2013, granting KMTC-JV’s motion in part and holding that Twin City owed a duty to defend KMTC-JV under its policy.[6]
*215 On December 4, 2012, a bench trial was conducted on Twin City’s suit for declaratory judgment. The trial court found in favor of KMTC-JV. The judgment, signed on January 22, 2013, states that Twin City’s CGL insurance policy issued to JL Steel affords coverage to KMTC-JV as an “additional insured” under endorsement | (¡“Additional Insured by Contract or Agreement — Option III,” and Twin City has a duty to defend KMTC-JV “through the appeal process” in the Maldonado matter.[7] On February 15, 2013, the trial court granted Twin City’s motion for suspensive appeal.[8]
SUMMARY OF DISPUTE

Twin City

Twin City advises that Texas law applies to the issue of contract interpretation in this case, but Twin City acknowledges that the law is the same for both Texas and Louisiana. Twin City argues that the trial court erred as a matter of law in finding that its duty to defend KMTC-JV did not terminate on one of three alternative dates. Twin City urges that its policy only provides KMTC-JV coverage as an additional insured to the extent that KMTC-JV’s liability is “caused by” the fault of JL *216 Steel. The first date Twin City claims that its duty to defend terminated is March 21, 2011. On that date, plaintiffs in the Maldonado matter amended their petition to delete all ^allegations of fault against JL Steel and its agents. Twin City maintains that its duty to defend terminated on that date because the operative petition no longer alleges a claim that could possibly be covered by the policy’s additional insured endorsement.
Alternatively, Twin City argues that its duty to defend terminated on May 9, 2012, when the trial court granted KMTC-JV’s motion for summary judgment finding KMTC-JV to be the statutory employer of JL Steel and its employees. Consequently, Twin City insists that at that point KMTC-JV could only be cast in liability to plaintiffs in the Maldonado matter for its own intentional acts, which are excluded from coverage. In the third amended petition in the Maldonado matter, plaintiffs did not allege any liability of JL Steel whatsoever. Further, the petition in the Maldonado matter did not allege that KMTC-JV was vicariously liable for acts or omissions of JL Steel, which Twin City argues is fatal to KMTC-JV’s claim that it is entitled to coverage under the Twin City policy as an additional insured.
In another alternative argument, Twin City urges that its duty to defend terminated on May 30, 2012, when the trial court entered judgment in accordance with the jury verdict finding that JL Steel was not at fault. Twin City argues that, since no party appealed the finding of no fault as to JL Steel, the judgment is final and KMTC-JV cannot be held liable for JL Steel’s fault, which is a prerequisite to KMTC-JV’s entitlement to coverage under Twin City’s policy’s additional insured endorsement. Twin City further argues that it owes no duty to defend KMTC-JV through the appeal process in the Maldonado matter, because the trial court’s judgment granting KMTC-JV statutory employer status and its judgment finding no fault on the part of JL Steel are final and preclude coverage for KMTC-JV, thereby terminating its duty to defend. Thus, Twin City declares that regardless of the outcome of the appeal in the Maldonado matter, KMTC-JV cannot be held liable for the fault of JL Steel.
IsFinally, Twin City points out that the trial court did not specifically rule on the duty to indemnify; however, if the words of the judgment are interpreted to require it to indemnify KMTC-JV for amounts it may ultimately be cast in judgment to plaintiffs in the Maldonado matter, Twin City argues that the trial court erred as a matter of law. Twin City asserts that it cannot owe KMTC-JV indemnity for an award against KMTC-JV in the Maldonado matter since KMTC-JV was cast in liability for its own intentional acts. JL Steel was not found at fault. Under that scenario, Twin City argues that there is no possibility that KMTC-JV could be cast in liability for injuries caused by the fault of JL Steel; thus, there is no coverage under the Twin City policy, and, indemnity is precluded as a matter of law.

KMTC-JV and Zurich

KMTC-JV and its insurer, Zurich, argue that Louisiana law, not Texas law, applies in this matter. They argue that Louisiana law requires Twin City to defend KMTC-JV if allegations in the petition in the Maldonado matter potentially support a covered claim. KMTC-JV and Zurich point out that the plaintiffs’ allegations in the Maldonado matter did not unambiguously exclude coverage; and thus, Twin City owes them a duty to defend.
KMTC-JV and Zurich argue that the third and fourth supplemental and amended petitions in the Maldonado matter *217 “maintained all other previous allegations,” suggesting that those petitions continued to allege fault on the part of JL Steel. They also allege that, though JL Steel was dismissed as a defendant prior to the filing of the third supplemental and amended petition in the Maldonado matter, the jury could still have found JL Steel at fault, and that fault could have been apportioned under La. Civ.Code. art. 2328. Because it was possible that a jury could have found JL Steel at fault, KMTC-JV and Zurich maintain that coverage was possible under the Twin City policy.
19KMTC-JV and Zurich acknowledge that the Twin City policy language states that KMTC-JV is an additional insured to the extent it is liable for damage caused by JL Steel or those acting on JL Steel’s behalf. However, they argue that Louisiana law does not require that vicarious liability be alleged in order for an additional insured endorsement to provide coverage. They assert that Louisiana jurisprudence supports a broad interpretation of additional insured endorsements, which allows coverage for an additional insured’s own negligence.
KMTC-JV and Zurich assert that once an insurer has a duty to defend, it must defend regardless of the outcome of the suit. They disagree with Twin City’s contention that its duty to defend ended when the trial court rendered judgment in accordance with the jury verdict in the underlying Maldonado matter. KMTC-JV and Zurich argue that the May 80, 2012 judgment could be overturned on the appeal of the Maldonado matter that is currently pending before this court, so there is still a possibility that KMTC-JV could be cast in liability for the fault of JL Steel. Thus, according to KMTC-JV and Zurich, Twin City’s duty to defend is continuing.
Additionally, KMTC-JV and Zurich maintain that the subcontract between JL Steel and KMTC-JV required JL Steel to procure insurance providing coverage to KMTC-JV as an additional insured. They assert that Twin City “agreed” that KMTC-JV was an insured under the policy and that it would provide KMTC-JVs defense. They also argue that Twin City judicially admitted that KMTC-JV was an additional insured under its policy when JL Steel filed a motion for partial summary judgment seeking a ruling that JL Steel had met its contractual obligation to provide additional insured insurance coverage to KMTC-JV.
Finally, KMTC-JV and Zurich argue that whether Twin City owes KMTC-JV indemnity depends on facts actually established in the underlying Maldonado matter. They maintain that the trial court’s declaratory judgment of January 22, 2013 holding that the Twin City policy “affords coverage” to KMTC-JV and that Twin City owes a Imduty to defend KMTC-JV through the appeal process means that Twin City owes both a duty to defend and to indemnify KMTC-JV for any judgment for which it is ultimately cast in the underlying Maldonado matter.
APPLICABLE LAW
Resolution of the issues presented on appeal requires the application of several legal principles. Preliminarily, we note that it is not necessary to conduct a choice-of-law analysis to determine which state’s law to apply in situations such as this, when the law of the two involved states is the same. See Champagne v. Ward, 2003-3211 (La.1/19/05), 893 So.2d 773, 786; Wendling v. Chambliss, 2009-1422 (La.App. 1st Cir.3/26/10), 36 So.3d 333, 335. In this case, relevant law regarding contract interpretation, an insurer’s duty to defend, and the duty to indemnify is the same in Texas as it is in *218 Louisiana.[9] Accordingly, we will apply Louisiana law in the instant case.

Insurance Policy Interpretation

Under Louisiana law, an insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the Louisiana Civil Code. Mayo v. State Farm Mut. Auto. Ins. Co., 2003-1801 (La.2/25/04), 869 So.2d 96, 99. The judiciary’s role in interpreting insurance policies is to determine the common intent of the parties to the contract. Id.; See also La. Civ.Code. art. 2045. Courts look first to the insurance policy itself in order to determine the parties’ intent. See La. Civ.Code art. 2046; Doerr v. Mobil Oil Corp., 2000-0947 (La.12/19/00), 774 So.2d 119, 124. Words and phrases in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning. See La. Civ.Code art. 2047. See also Doerr, 774 So.2d at 124. When a contract can be |n construed from the four corners of the policy without extrinsic evidence, the question of contractual interpretation is answered as a matter of law. Brown v. Drillers, Inc., 630 So.2d 741, 749-750 (La.1994). However, if the contract cannot be construed based on language contained therein due to an ambiguity, the court may look to extrinsic evidence to determine the parties’ intent. Doerr, 774 So.2d at 124.
Interpretation of an insurance contract is a matter of law. Miller v. Superior Shipyard and Fabrication, Inc., 2001-2907 (La.App. 1st Cir.8/20/03), 859 So.2d 159, 162-163. To recover on an insurance policy, an insured must prove that its loss is covered by the policy. Id., 859 So.2d at 162. If the insured meets his burden, the insurer then has the burden of proving the applicability of policy exclusions. Doerr, 774 So.2d at 124.
As the party claiming coverage under the policy issued by Twin City, KMTC-JV has the burden to prove coverage. The named insured in the policy is JL Steel; KMTC-JV is not named in the policy. Thus, KMTC-JV must show that it falls under the additional insured endorsement to prove entitlement to coverage.

Duty to Defend

Under Louisiana law, the duty to defend is broader than the duty to indemnify. See Henly v. Phillips Abita Lumber Co., 2006-1856 (La.App. 1st Cir.10/3/07), 971 So.2d 1104, 1109. The issue of whether a liability insurer has a duty to defend a civil action against its insured is determined by application of the “eight-corners rule,” under which an insurer must look to the “four corners” of the plaintiffs petition and the “four corners” of its policy to determine whether it owes that duty. Id.
The insurer’s duty to defend suits brought against its insured is determined by the factual allegations of the injured plaintiffs petition with the insurer being obligated to furnish a defense unless it is clear from the petition that the policy unambiguously excludes coverage. Henly, 971 So.2d at 1109. Assuming the factual | ^allegations of the petition are true, if there could be both (1) coverage *219 under the policy, and (2) liability to the plaintiff, the insurer must defend the insured regardless of the outcome of the suit. Id. Additionally, the factual allegations of the petition are to be liberally interpreted in determining whether they set forth grounds which bring the claim within the scope of the insurer’s duty to defend the suit brought against its insured. Id.
If a petition does not allege facts within the scope of coverage, an insurer is not legally required to defend a suit against its insured. The most recently amended complaint provided to the insurer must be examined to determine whether there is a duty to defend. When uncontroverted facts preclude the possibility of a duty to indemnify, the duty to defend ceases and the duty to indemnify is negated. See Allstate Ins. Co. v. Roy, 94-1072 (La.App. 1st Cir.4/7/95), 653 So.2d 1327, 1333, units denied, 95-1121, 95-1215 (La.6/16/95), 655 So.2d 339; Pylant v. Lof-ton, 626 So.2d 83, 87 (La.App. 3d Cir.1993), quoting Veillon v. U.S. Fire Ins. Co., 590 So.2d 1368, 1371 (La.App. 3d Cir.1991).

The Policy

The interpretation of the additional insured endorsement is a question of law. We must examine the specific language of the endorsement to determine its meaning. Miller, 859 So.2d at 163. The policy endorsement in Twin City’s policy which contains the relevant policy language is entitled, “Additional Insured By Contract Or Agreement — Option III.” Substituting the names of the parties and omitting language not applicable to the dispute, the endorsement provides, in pertinent part:
SCHEDULE
Name of Additional Insured Person(s) or Organization(s): ALL
Designated Project(s) or Location(s) of Covered Operations^] ALL
[[Image here]]
A. Section II — Who is an Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule above with whom you [JL Steel] agreed in a written contract or written agreement to provide insurance such as is afforded under this policy, but only to the extent that such person or organization is liable for “bodily injury”, | ^“property damage” or “personal and advertising injury” caused by your [JL Steel’s] acts or omissions or the acts or omissions of those acting on your [JL Steel’s] behalf:
1. In the performance of your [JL Steel’s] ongoing operations for such additional insured at the project(s) or loeation(s) designated in the Schedule[.]
(Emphasis added.)
The plain wording of the Twin City policy’s endorsement shows that the policy applies when liability is sought to be imposed upon the additional insured (KMTC-JV) because of something the named insured (JL Steel) is alleged to have done or failed to do. Thus, in order for KMTC-JV to have a right to a defense under the policy, the petition in the Maldonado matter must allege that KMTC-JV’s liability is caused by JL Steel’s negligence, or, at least the allegations must not unambiguously exclude that possibility. This is so, because it is clear from the policy language that the parties only intended KMTC-JV to be covered if it could be cast in liability, vicariously, for the fault of JL Steel. Further, the policy language unam *220 biguously precludes coverage for claims against KMTC-JV for its own negligence or intentional acts.
A similar additional insured endorsement was reviewed by a Texas court in Shell Chemical v. Discover Property & Cas. Ins. Co., Civ. A No. H-09-2583, 2010 WL 1338068 at ⅜2, (S.D.Tex.3/29/10). In that case, the court noted that the policy provided additional insured coverage to Shell, “but only with respect to [Shell’s] legal liability for acts or omissions of [the named insured].” The court concluded that the language was clear and unambiguous, and that the parties intended to provide coverage and a duty to defend Shell as an additional insured only to the extent that an injured party claimed that Shell was vicariously liable for the named insured’s acts or omissions. The court found that since plaintiffs did not assert a cause of action against Shell based on the named insured’s acts or omissions, but rather based only | uon Shell’s own alleged fault, the policy did not require the insurer to provide a defense to Shell as an additional insured. Id.
Similarly, in the instant case we conclude that the clear and unambiguous language in Twin City’s additional insured policy provision issued to JL Steel expressly limits coverage to the additional insured’s vicarious liability for the fault of the named insured, JL Steel. We must now review the allegations set forth in the petition in the Maldonado matter to determine whether those allegations bring the claim within the scope of coverage under the Twin City policy and whether, therefore, Twin City owes a duty to defend KMTC-JV in the underlying Maldonado matter.

Petitions in the Maldonado Matter

In the original petition in the Maldonado matter, plaintiffs named JL Steel as a defendant, alleging that JL Steel was liable along with all other named defendants. Allegations in the petition did not unambiguously exclude coverage, and thus initially, Twin City owed KMTC-JV a defense. However, the inquiry does not end there. When a petition is amended, the duty to defend analysis must be performed again to determine whether the amended petition alleges liability that is potentially within the scope of coverage. See Spitzfaden v. Daigle Welding Service, Inc., 607 So.2d 951, 955 (La.App. 4th Cir. 1992), writ denied, 612 So.2d 59 (La.1993) (the duty to defend did not arise until plaintiffs filed their second amended petition); Consolidated Underwriters v. Loyd W. Richardson Const. Corp., 444 S.W.2d 781, 783-84 (Tex.Civ.App.1969) (duty to defend terminated when the petition was amended to allege facts that rendered a policy exclusion applicable precluding coverage); American Empire Surplus Lines Ins. Co. v. Crum & Forster Specialty Ins. Co., No. Civ. H-06-0004, 2006 WL 1441854, at *6 (S.D.Tex.5/23/06) (duty to defend is determined by examining the most recently amended complaint); see also Baltimore Gas and Elec. Co. v. Commercial Union Ins. Co., 113 MdApp. 540, _⅛571-72, 688 A.2d 496, 511 (1997) (the duty to defend terminated when plaintiffs in the underlying suit revised allegations to sue additional insured solely for its own negligence and the court granted a motion to dismiss the named insured from the underlying litigation).
In the Maldonado matter, the third and fourth supplemental and amended petitions do not allege fault on the part of JL Steel. Prior to filing their third supplemental and amended petition, plaintiffs in the Maldonado matter filed a motion to dismiss JL Steel. The trial court signed a judgment of dismissal of JL Steel on March 11, 2011. On March 21, 2011, when plaintiffs filed their third amended petition deleting all allegations of fault against JL
*221 Steel, the petition in the Maldonado matter ceased to allege any claim that could be covered by Twin City’s additional insured policy endorsement. While the duty to defend certainly terminated by that date, we find that it actually terminated prior thereto. As this court concluded in Roy, 658 So.2d at 1838, the duty of an insurer to defend is triggered when the petition suggests the potential for coverage; however, when an event occurs which shows that coverage is unambiguously excluded, the duty to defend the insured terminates.[10] We conclude that Twin City owed KMTC-JV a duty to defend through the date of the occurrence that eliminated any possibility that KMTC-JV could have been cast in liability, vicariously, for the fault of JL Steel. That date is March 11, |1fi2011, the date on which the trial court signed a judgment dismissing JL Steel with prejudice from the underlying Maldonado matter.[11]
CONCLUSION
Twin City owes KMTC-JV the cost of defense from the date of the first-filed petition in the underlying Maldonado matter through and including March 11, 2011, the date that JL Steel was dismissed, with prejudice, from the Maldonado matter. Clearly, Twin City owes no duty to defend KMTC-JV beyond that date. Accordingly, we amend the trial court’s January 22, 2013 judgment in part to modify the time period that Twin City owes a duty to defend KMTC-JV. Twin City’s duty to defend KMTC-JV ends on March 11, 2011, the date that JL Steel was dismissed with prejudice from the underlying Maldonado matter, rather than through the appeal process of the Maldonado matter. As amended, the trial court’s judgment is affirmed. All costs of this appeal are assessed against KMTC-JV and Zurich American Insurance Company.
MOTIONS TO SUPPLEMENT GRANTED; TRIAL COURT JUDGMENT AMENDED IN PART, AND AS AMENDED, AFFIRMED.

. The policy period was June 30, 2008, to June 30, 2009.

. KMTC-JV was a joint venture made up of Kiewit Louisiana Co., Massman Construction Co., and Traylor Bros., Inc.

. Twin City acknowledged each demand and responded with a complete reservation of rights on the grounds that the Twin City policy provided coverage to additional insureds, but only when the additional insured is found to be vicariously liable for the conduct of JL Steel or those acting on its behalf.

. Twin City filed a motion for summary judgment in December of 2011, seeking a ruling that it did not owe a duty to defend KMTC-JV in the Maldonado matter since the plaintiffs' third supplemental and amended petition failed to allege any fault on the part of JL Steel, Thus, Twin City maintained that coverage was precluded under the additional insured endorsement. The trial court denied Twin City's motion on March 30, 2012.

. On June 11, 2012, Twin City filed a post-trial motion to re-urge its motion for summary judgment seeking a declaration that its policy did not provide coverage to KMTC-JV as an additional insured. On July 26, 2012, Twin City filed yet another motion for summary judgment on the coverage issue in the declaratory judgment action, seeking a declaration that its policy did not provide coverage to KMTC-JV for claims asserted in the Maldonado matter.

. In a related appeal also decided this date, Twin City appealed the trial court’s January *215 28, 2013 judgment granting KMTC-JV’s motion for partial summary judgment for defense costs. See Maldonado, et al. v. Kiewit Louisiana Co., et al. consol, with Twin City Fire Ins. Co. v. JL Steel Reinforcing, LLC, et al., 2013-0758 and 2013-0759 (La.App. 1st Cir. 3/24/14), 2014 WL 1203180 (unpublished) {Twin City II). In that related appeal, this court amended the judgment in part, and affirmed the judgment as amended to limit the time period of Twin City's duty to defend, for the reasons more fully set forth herein.

. Twin City's petition for declaratory judgment requested a "declaration and construction of coverage under insurance policies at issue” and prayed for judgment in its favor "declaring the respective rights and obligations of [Twin City] as they relate to the defendants.” The petition is broad enough to encompass a judgment defining the time period for Twin City's duty to defend (and responsibility for defense costs), as well as a judgment declaring the rights and obligations of Twin City regarding the additional insured, KMTC-JV.

. After the record on appeal was lodged, this court issued a rule to show cause as to whether the January 22, 2013 judgment was final and appealable. The judgment was rendered after a trial on the merits in the suit for declaratory judgment. Plaintiff, Twin City, alleged that coverage under its policy was limited to liability caused by the acts or omissions of the named insured, JL Steel, and thus, the policy only provided coverage to the additional insureds in situations where the additional insured was held vicariously liable for conduct of JL Steel or those acting on its behalf. Twin City prayed for judgment in its favor "declaring the respective rights and obligations of [Twin City] as they relate to the [KMTC-JV and Zurich]” and that Twin City be granted any and all further relief to which it is justly entitled. We conclude that this judgment is final and appealable. See Succession of Brantley, 96-1307 (La.App. 1st Cir.06/20/97), 697 So.2d 16, 18; Whitaker Const. Co., Inc. v. Larkin Development Corp., 34,297 (La.App. 2d Cir. 12/6/00), 775 So.2d 571, 573, writ denied, 2001-0068 (La.3/16/01), 787 So.2d 312. The judgment resolved all issues pending before the trial court in the declaratory judgment action. Twin City did not specifically pray for judgment on the issue of the duty to indemnify. Moreover, even if the issue of indemnity was said to be still outstanding, since we ultimately find that the judgment must be amended in part, this court could assert its plenary power to exercise supervisory jurisdiction, in the interest of judicial efficiency and justice. See Stelluto v. Stelluto, 2005-0074 (La.6/29/05), 914 So.2d 34, 39; Roberson v. Roberson, 2012-2052 (La. App. 1st Cir.8/5/13), 122 So.3d 561, 564; Succession of Brantley, 697 So.2d at 19. Either way, we conclude a review of the merits of the January 22, 2013 judgment is properly before this court. Additionally, we grant KMTC-JV’s and Zurich’s motions to correct/supplement the record by adding their memorandum and six exhibits in support of their motion for summary judgment for unpaid defense costs.

. For examples of consistent Texas law, see 'Williams Consol. I, Ltd./BSI Holdings, Inc. v. TIG Ins. Co., 230 S.W.3d 895, 901-902 (Tex. Civ.App.2007); Fiess v. State Farm Lloyds, 202 S.W.3d 744, 747 (Tex.2006); State Farm Fire & Cas. Co. v. Vaughan, 968 S.W.2d 931, 933 (Tex. 1998); Balandrán v. Safeco Ins. Co. of America, 972 S.W.2d 738, 740-741 (Tex. 1998); Kelley-Coppedge, Inc. v. Highlands Ins. Co., 980 S.W.2d 462, 464 (Tex. 1998).

. See also Southern Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc., 921 F.Supp.2d 548, 566-67 (E.D.La.2013) (duty to defend ends when undisputed facts established in discovery unambiguously precluded coverage); New Hampshire Ins. Co. v. Barrett, Civ. A No. 01-2929, 2002 WL 1308585, at *3-4 (E.D.La. 2002) (duty to defend ended when insurer established undisputed facts precluding coverage); Pylant, 626 So.2d at 87-88 (despite allegations of negligence in plaintiffs’ petitions, the undisputed facts established in plaintiffs’ depositions showed that the conduct was intentional such the policy’s intentional act exclusion applied and the court found that the policy unambiguously excluded coverage; thus, there was no duty to defend). In the Maldonado matter, the jury expressly found that no “other person(s) or company(s) were at fault" other than KMTC-JV, KECO, and M & M. The jury specifically allocated 0% fault to "any other person(s).”

. Since Twin City’s duty to defend ended, as a matter of law Twin City has no duty to indemnify KMTC-JV for any amount in which it could be cast in liability to plaintiffs in the underlying Maldonado matter.