# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

ASSUMPTION PARISH POLICE
JURY, ET AL

VERSUS

TEXAS BRINE COMPANY, LLC, ET
AL

       CONSOLIDATED WITH

STATE OF LOUISIANA

VERSUS

TEXAS BRINE COMPANY, LLC, ET
AL

       CONSOLIDATED WITH

ASSUMPTION PARISH SHERIFF
MIKE WAGUESPACK

VERSUS

TEXAS BRINE COMPANY, LLC, ET
AL

**JUNE 21, 2022**

---

In Re:    National Union Fire Insurance Company of Pittsburgh,
PA and AIG Specialty Insurance Company, applying for
supervisory writs, 23rd Judicial District Court,
Parish of Assumption, No. 34386 c/w 34389 c/w 34391.

---

BEFORE:    McDONALD, WELCH, LANIER, WOLFE, AND HESTER, JJ.

    **WRIT DENIED.**

EW
CHH

    **Welch, J.**, concurs. An insurer is obligated to furnish a defense unless it is clear from the petition that the policy unambiguously excludes coverage. **Arceneaux v. Amstar Corp.**, 2010-2329 (La. 7/1/11), 66 So.3d 438, 450. The court must liberally interpret the factual allegations of the petition in determining whether they bring the plaintiff's claim within the scope of the insurer's duty to defend. **Maldonado v. Kiewit Louisiana Co.**, 2013-0756 (La. App. 1st Cir. 3/24/14), 146 So.3d 210, 219. The allegations of the petition filed by the State of Louisiana against Texas Brine Company include an allegation that the conduct and operations of the defendants resulted in the brine mining of the salt cavern to the point that the cavern became structurally unstable, thereby causing the collapse of the cavern and damage to the State's waters, natural resources and coastal zone. I do not find that the petition unambiguously excluded coverage, applying a liberal construction to the allegations.

**McDonald and Lanier, JJ.,** dissent and would grant the writ. The duty to defend is determined by application of the "eight corners rule", in which an insurer looks to the "four corners" of the plaintiff's petition and the "four corners" of the insurance policy to determine whether it owes that duty. **Maldonado v. Kiewit Louisiana Co.,** 2013-0756 (La. App. 1st Cir. 3/24/14), 146 So.3d 210, 218. The insurer is obligated to furnish a defense unless it is clear from the petition that the policy unambiguously excludes coverage. **Arceneaux v. Amstar Corp.,** 2010-2329 (La. 7/1/11), 66 So.3d 438, 450. Thus, assuming the factual allegations of the petition are true, if there could be both coverage under the policy and liability to the plaintiff, the insurer must defend the insured regardless of the outcome of the suit. **Id.**

The court must liberally interpret the factual allegations of the petition in determining whether they bring the plaintiff's claim within the scope of the insurer's duty to defend. If a petition does not allege facts within the scope of coverage, an insurer is not legally required to defend a suit against its insured. **Maldonado,** 146 So.3d at 219.

There appears to be no dispute that National Union Fire Insurance Company of Pittsburg, Pa and AIG Specialty Insurance Company (collectively "AIG") issued commercial general liability policies to Texas Brine Company, LLC covering various periods between 3/1/1991 and 3/1/2009. None of the policies at issue were in effect after 3/1/2009. These policies provided for coverage for property damage, but only if the property damage occurred during the policy period. In reviewing the allegations of the petition filed by the State of Louisiana and liberally construing such allegations, we find such allegations do not bring the claims of the State of Louisiana within the scope of AIG's duty to defend herein. There is no allegation in the petition of any damages occurring at any time during the policy periods, where the petition asserts that the State of Louisiana's action initially arose from activity that began on or around May 31, 2012, which is more than three years after the last of these pre-2012 policies expired.

Moreover, this court has found similarly in other cases arising from the sinkhole with regard to the AIG policies and policies of another insurer with substantially the same language. See **Crosstex Energy Services, LP v. Texas Brine Co., LLC,** 2017-0863 (La. App. 1st Cir. 12/21/17), 240 So.3d 1024, writ denied, 2018-0144 (La. 3/23/18), 238 So.3d 962; **Crosstex Energy Services., LP v. Texas Brine Co., LLC,** 2017-0895 (La. App. 1st Cir. 12/21/17), 240 So.3d 932, writ denied, 2018-0145 (La. 3/23/18), 238 So.3d 963. For the foregoing reasons, we would grant the remainder of the motion for summary judgment filed by AIG and dismiss the remaining claims of Texas Brine Company, LLC against AIG seeking defense of the claims asserted by the State of Louisiana.

COURT OF APPEAL, FIRST CIRCUIT

_____

a.Snl

DEPUTY CLERK OF COURT

FOR THE COURT